John Eric Olson JUDGE BUCHWALD
Hill Rivkins LLP
Attorneys for Plaintiff
45 Broadway, Suite 1500
New York, NY 10006



12 CIV 8795

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

NATIONAL UNION FIRE INSURANCE CO. OF
PITTSBURGH, PA,

              Plaintiff,

- against –

M/V BALTIMORE BRIDGE, her engines,
boilers, etc. KAWASAKI KISEN KAISHA LTD., d/b/a
"K" LINE, and OCEAN WORLD LINES, INC.

              Defendants.
-----------------------------------------------------------------x

Index No.:

COMPLAINT

RECEIVED DEC 04 2012 U.S.D.C. S.D.N.Y. CASHIERS

      The plaintiff herein, by its attorneys, Hill Rivkins LLP, complaining of the above named vessel and defendant, alleges upon information and belief:

      **FIRST:**    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      **SECOND:**    At and during all times hereinafter mentioned, plaintiff had and now has the legal status and principal office and place of business stated in Schedule A hereto annexed and by this reference made a part hereof. Plaintiff is the subrogated underwriter of certain cargo laden aboard the captioned vessel, which has been damaged.

      **THIRD:**    At and during all the times hereinafter mentioned, the defendants had and now have the legal status and offices and places of business stated in Schedule A, and were and now are engaged in business as common carriers of merchandise by water for hire, and

1

owned, operated, managed, chartered and controlled the above named vessel, which operates in regularly scheduled liner service between ports of the United States and Asia.

**FOURTH:** On or about the date and at the port of shipment stated in Schedule A, there was delivered to the vessel and defendants in good order and condition the shipment described in Schedule A, which the said vessel and defendants received, accepted and agreed to transport for certain consideration to the port of destination stated in Schedule A.

**FIFTH:** Since then, the cargo has not been delivered in the same good order and condition in which it was received, and portions of the cargo were never delivered.

**SIXTH:** Defendants, by reason of the premises, breached their duties to the plaintiff as common carriers by water for hire and were otherwise at fault.

**SEVENTH:** Plaintiff was the shipper, consignee, underwriter or owner or otherwise had a proprietary interest of and in the cargoes as described in Schedule A, and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**EIGHTH:** Plaintiff has duly performed all duties and obligations on its part to be performed.

**NINTH:** By reason of the premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded in the amount of $170,000.

W H E R E F O R E, plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against defendants.

2. That if defendants cannot be found within this District, that all of their property within this District be attached in the sum set forth in the complaint, with interest and costs.

3. That a decree may be entered in favor of plaintiff against defendants for the amount of plaintiff's damages, together with interest and costs.

4. That process in due form of law according to the practice of this Court may issue against the aforesaid named vessel.

5. Plaintiff prays for such other, further and different relief as to this Court may seem just and proper in the premises.

Dated: New York, NY
       December 4, 2012

                                HILL RIVKINS LLP
                                Attorneys for Plaintiff

                                By: _____
                                    John Eric Olson

                                45 Broadway, Suite 1500
                                New York, NY 10006
                                212-669-0600

## SCHEDULE A

Plaintiff, NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, was and now is a corporation duly organized and existing under and by virtue of the laws of one of the States of the United States with an office and place of business c/o Chartis Marine Adjusters, 175 Water Street, New York, New York 10038.

Defendant, KAWASAKI KISEN KAISHA LTD. d/b/a "K" Line, was and now is a corporation duly organized and existing under and by virtue of the laws of one of the States of the United States with an office and place of business c/o "K" Line America Inc., 8730 Stony Point Parkway, Suite 400, Richmond, VA 23235.

Defendant, OCEAN WORLD LINES, INC., was and now is a corporation duly organized and existing under and by virtue of the laws of one of the States of the United States with an office and place of business at 2001 6th Avenue, Suite 2150, Seattle, Washington 98121.

| | |
|---|---|
| Port of Loading: | Oakland, California |
| Port of Discharge: | Xiao Lan, China |
| Cargo: | Cattle Hides |
| Bill of lading: | OWL SAX 11789 |
| Shipper: | Southwest Hide Company |
| Consignee: | 2 Hongshan Torch High & New Tech |
| Type of Damage: | Water Damage and non-delivery |
| Amount of Loss: | $170,000 |

31518\Complaint